OPINION OF THE COURT — By the
IIon. I. R. NICHOLSON.
This was a proceeding under the statute which authorises a summary method by distress for rent. The affidavit, which, is the leading process in this case, was taken before the city magistrate, upon which an attachment issued for the sum of one hundred and twenty dollars, returnable to the next term of the circuit court of Adams county,, the attachment]was levied on defendant’s property, and a replevy bond given by said defendant, at the said circuit court. The plaintiff by his'attorney, moved the court for judgment on the replevy bond, which was granted and judgment entered up accordingly for said amount, from which judgment, the defendant has appealed to this court. The first question raised for the consideration of this court is, whether the city magistrate, is, by virtue of his office, authorised to emanate a proceeding of this kind?
Secondly. It is contended that the motion in the court below should have been for execution, and not for judgment. The first section of the act of the legislature on the subject of distress for rent, states, that the oath shall be taken before any justice of the county court, or justice of the peace, for the county, &c. The city magistrate is confined to the limits pf the city, his is a court of limited jurisdiction, and although he is a. *359 .justice of the peace within said city, yet he is not a justice of the peace of the county of Adams, And therefore had no authority to emanate the proceedings in this case; Second. With respect to the second point's 'which is, that judgment Was required in place of execution. The third ‘section of the act, expressly declares, that if the debt shall not be paid within three months agreeably to the condition df the bond, that the court 'on motion shall award execution for the amount* evidently considering a bond to operate as the judgment. From the wording of this statute, we think the motion should have been for execution. It is therefore the opinion of the court, on both points, that there is error in the judgment of the court below, and that the same must be reversed.
D. S. & R. J. Walker, for plaintiff in error.
• John J. Guión, for defendant in error.